1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD JASON SCHNEIDER,              )   Case No.: 1:23-cv-00989-SKO (HC)
                                           )
12              Petitioner,                )   ORDER DIRECTING CLERK OF COURT TO
                                           )   ASSIGN DISTRICT JUDGE
13         v.                              )
                                           )   FINDINGS AND RECOMMENDATION TO
14                                         )   DISMISS PETITION FOR WRIT OF HABEAS
                                           )   CORPUS
15    UNITED STATES OF AMERICA,            )
                                           )
16              Respondent.                )   [THIRTY DAY OBJECTION DEADLINE]
                                           )
17    _____)

18         Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ

19   of habeas corpus pursuant to 28 U.S.C. § 2241.  He is in the custody of the Bureau of Prisons at the

20   United States Penitentiary in Atwater, California.  He filed the instant federal petition on June 30,

21   2023, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that

22   follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will

23   recommend the petition be SUMMARILY DISMISSED.

24   **I.    PRELIMINARY REVIEW**

25         Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules

26   Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which

27   are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from

28   the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

                                                    1

1  judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee

2  Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its

3  own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

4  petition has been filed.

5  **II.      BACKGROUND**

6  On August 4, 2011, Petitioner pleaded guilty in the United States District Court for the District

7  of Montana to conspiracy to possess methamphetamine with intent to distribute in violation of 21

8  U.S.C. § 846 and conspiracy to commit the offense of interstate transportation of stolen motor vehicles

9  in violation of 18 U.S.C. § 371. See United States v. Schneider, Case No. 4:11-cr-00052-BMM (D.

10  Mont. 2011). On November 28, 2011, Petitioner was sentenced to a total determinate term of 240

11  months in prison. Id.

12  On June 30, 2023, Petitioner filed the instant habeas petition in this Court. Petitioner contends

13  that he is actually innocent of his conviction in light of the Supreme Court's interpretation of statutory

14  law in Ruan v. United States, 142 S.Ct. 2370 (2022).

15  **III.      DISCUSSION**

16  A federal prisoner who wishes to challenge the validity or constitutionality of his federal

17  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

18  under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. ___, ___, S.Ct. ___, 2023 WL 4110233, at *3

19  (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d

20  895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court

21  has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

22  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition

23  for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 2023 WL 4110233, at *3; Grady v.

24  United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v.

25  Flores, 616 F.2d 840, 842 (5th Cir.1980).

26  In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

27  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where

28  the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule

1   is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test

2   the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be

3   avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

4         An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the

5   "savings clause" or "escape hatch" of § 2255. Jones, 2023 WL 4110233, at *4; Harrison v. Ollison,

6   519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65.  "[T]he saving clause preserves

7   recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek

8   relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a

9   sentence." Jones, 2023 WL 4110233, at *8.  "[I]f - and only if – § 2255's remedy by motion is

10  'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241.

11  Jones, 2023 WL 4110233, at *4 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192

12  (9th Cir. 2012).  Until recently, circuit courts were split on whether a prisoner could resort to § 2241

13  via the savings clause when an intervening decision of statutory interpretation was otherwise barred

14  under § 2255(h).  In the Ninth Circuit, § 2255 constituted an "inadequate and ineffective" remedy, and

15  thus the petitioner could proceed under § 2241, when the petitioner: (1) made a claim of actual

16  innocence; and, (2) had never had an 'unobstructed procedural shot' at presenting the claim. Ivy v.

17  Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at

18  898; *accord* Marrero, 682 F.3d at 1192.

19        The Supreme Court recently issued its opinion in Jones v. Hendrix and resolved the circuit

20  split.  2023 WL 4110233.  In Jones, the Supreme Court held "that § 2255(e)'s saving clause does not

21  permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's

22  restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id., at *5.

23  The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that

24  contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

25  would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

26  have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive

27  to cases on collateral review by the Supreme Court, that was previously unavailable." Id., *7 (quoting

28  28 U.S.C. § 2255(h)).  As to those challenges that fall outside of § 2255(h), the Supreme Court held

1  that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that

2  he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at

3  all." Jones, 2023 WL 4110233, at *9.  Thus, following Jones, claims of error based on an intervening

4  change in statutory interpretation may not be brought under § 2241.

5         Here, Petitioner contends that, in light of a recent intervening statutory interpretation by the

6  Supreme Court in Ruan, he is actually innocent of his conviction.  Such a claim is now foreclosed by

7  the Supreme Court's decision in Jones.  The Court finds it lacks jurisdiction under § 2241 and will

8  recommend the petition be dismissed.

9  **IV.    ORDER**

10        IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United

11  States District Judge to this case.

12  **V.     RECOMMENDATION**

13        Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas

14  Corpus be DISMISSED for lack of jurisdiction.

15        This Findings and Recommendation is submitted to the United States District Court Judge

16  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

17  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

18  thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may

19  file written objections with the Court.  Such a document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate

21  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file

22  objections within the specified time may waive the right to appeal the Order of the District Court.

23  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26  Dated:   **July 12, 2023**                    /s/ *Sheila K. Oberto*

27                                          UNITED STATES MAGISTRATE JUDGE

28